PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SAFAA AL-ZERJAWI, | ) | |
| | ) | CASE NO. 4:15cv2512 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| JAMES KLINE, D.O., *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** |

**Introduction and Background**

*Pro se* plaintiff Safaa Al-Zerjawi is a state prisoner currently incarcerated in the Trumbull Correctional Institution ("TCI"). Seeking monetary damages and other relief, he has filed this civil rights action under 42 U.S.C. § 1983 against the "Medical Staff" at the Corrections Reception Center in Orient, Ohio; James Kline, a Medical Doctor at TCI; and the Ohio Department of Rehabilitation and Correction.

Plaintiff alleges that in 2014, while he was detained in Corrections Reception Center in Columbus ("CRC"), he was attacked by another inmate, who hit him in the face with a rock, fracturing bones in his face. He alleges nurses and medical staff at CRC "ignored [his] pleas for help and care" following this attack and failed to provide him medical attention for three days. ECF No. 1 at PageID #: 3. When he was eventually seen by a doctor, a facial fracture was confirmed. After another two-month delay, Plaintiff was seen by a specialist, who told him he

should have seen him immediately and that his injury required surgical intervention. *Id.* He alleges specialists have now told him the surgery he requires "will be much more serious and involved due to the lapse of time." ECF No. 1 at PageID #: 4. Plaintiff contends that his facial fractures "were never treated and cause him pain daily," including shooting, radiating pain in his face and in his jaw, and that Dr. Kline, the medical doctor at TCI where he is currently incarcerated, "refuses to allow" him the surgery he requires. *Id.*

Plaintiff also complains he has received inadequate care from medical staff at TCI for an injury to his left eye he sustained as a result of the attack. He alleges a specialist at the Ohio State Hospital told him he may eventually go blind and prescribed him medicine to reduce pressure in his eye. *Id.* TCI medical staff have allegedly told him his eye is "doing good" on the current medication and that everything is normal, but the specialist told him the opposite and TCI medical staff did not schedule him for a follow-up with the specialist. *Id.*

**Discussion**

Because Plaintiff is a prisoner suing a governmental entity and governmental employees and is proceeding *in forma pauperis*, the Court must screen his complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court must dismiss the complaint, or any portion of it, that the Court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court must construe Plaintiff's complaint liberally because he is proceeding *pro se*. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per

curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Upon review, the Court finds that Plaintiff may have at least plausible § 1983 claims against CRC medical staff and/or Dr. Kline; therefore, Plaintiff's action may proceed against them. Plaintiff, however, has no plausible claim against the Ohio Department of Rehabilitation and Correction, and his complaint against the Department must be dismissed.

Section 1983 creates a cause of action only against "persons" who acted to deprive the plaintiff of a constitutional right. 42 U.S.C. § 1983. The Ohio Department of Rehabilitation and Correction is not a "person" within the meaning of § 1983. *Shafer v. Ohio Dep't of Rehab. & Corr.*, No. 2:13-CV-00731, 2013 WL 4479197, at *2 (S.D. Ohio Aug. 19, 2013) (citing *Will v. Michigan Department of State Police*, 491 U.S. 58, 65–66 (1989)). Furthermore, the Department of Rehabilitation and Correction is a state entity entitled to sovereign immunity from suit under the Eleventh Amendment. *See Will*, 491 U.S. at 65–66; *Hafford v. Seidner*, 183 F.3d 506, 512 (6th Cir. 1999) (holding that the Eleventh Amendment immunized the Ohio Department of Rehabilitation and Correction from lawsuit).

## **Conclusion**

Plaintiff's complaint is hereby dismissed against the Ohio Department of Rehabilitation and Correction pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

This action shall proceed only as against the CRC defendants and Dr. Kline. The Clerk's

Office is directed to forward the appropriate documents to the U.S. Marshal for service of process on these defendants. A copy of this order shall be included with the documents to be served.

IT IS SO ORDERED.

April 22, 2016
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge