# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| SAFAA AL-ZERJAWI, | ) | CASE NO. 4:15CV2512 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| | ) | |
| JAMES KLINE, D.O., *et al.*, | ) | |
| | ) | **INTERIM REPORT AND** |
| | ) | **RECOMMENDATION** |
| Defendants. | ) | |

Pending before the Court are three motions and a notice filed by pro se Plaintiff Safaa Al-Zerjawi. Docs. 88, 89, 90, 91. For the reasons explained below, the undersigned recommends that the Court deny Plaintiff's motion for more time to serve Defendants Rhigi, Phillians, Bankes, Winfield, and Damcheu (Doc. 88) and dismiss Plaintiff's claims against those Defendants without prejudice. The undersigned considers Plaintiff's remaining motions in a separate order.

## I. Background

Plaintiff filed this civil rights action against three defendants on December 2, 2015, along with a Motion to Proceed in forma pauperis. Docs. 1, 2. Plaintiff is and was at all times during this case incarcerated. The Court granted his motion to proceed, his claims were dismissed against one defendant, and summons were sent and returned executed upon the remaining defendants on April 25, 2016. Docs. 3, 4, 5, 6. Defendants filed an Answer on June 16, 2016. Doc. 13. The District Court referred this case to the undersigned for general pretrial supervision

1

on August 1, 2016. Doc. 20.

Meanwhile, Plaintiff had filed a Motion for Appointment of Counsel, Interpreter and Expert Medical Witness(es) and a Motion for Discovery. Docs. 11, 15. At the telephonic Case Management Conference held on September 20, 2016, the undersigned denied Plaintiff's motion for discovery as premature, Doc. 28, and set case management dates, including dates for fact discovery. Doc. 29. The undersigned denied Plaintiff's motion for counsel, interpreter and an expert on November 10, 2016, after subsequent briefing on the issue. See Docs. 17, 31, 33, 37. The undersigned explained that, despite Plaintiff's representations that he does not read or write English and that he was relying on a fellow inmate to help him, Plaintiff was able to express himself well orally during two telephone conference calls with the Court and had been skillfully representing himself on paper in this case.[1] Doc. 37.

Disputes regarding Plaintiff's access to his medical records flared up repeatedly in this case. See, e.g., Doc. 30, 42, 58. As a result, the undersigned conducted numerous telephone conferences with Plaintiff and counsel for Defendants, Docs. 36, 51, 76, and required Defendants' counsel to submit status reports detailing efforts to provide Plaintiff with his medical records. These disputes were largely disposed of on the merits in favor of Plaintiff, thereby providing him with his entire medical record.[2] Due to these disputes, the undersigned extended the fact discovery cutoff and dispositive motion dates. See, e.g., 51, 71, 74. The undersigned also, three times, granted Plaintiff's motions to extend the cutoff date to amend his

---

[1] The undersigned observes that, during the time period that this case has been pending with the undersigned, Plaintiff also asserted claims in another action brought in federal court alleging civil rights violations. *See Al-Zerjawi v. Kline et al.*, Case No. 4:16-cv-2742 (N.D.Oh., filed November 10, 2016).

[2] These records included items from sources from whom Plaintiff did not initially request records and after great effort on the part of Defendants' counsel. See, e.g., Doc. 59, 76, 78.

complaint (Doc. 35, 36, 49, 51, 52, Order, 2/28/2017).  Plaintiff filed his Amended Complaint on March 8, 2017, naming eight new individual Defendants.  Doc. 55.  Service was returned executed upon three of the new Defendants but unexecuted upon five of the new Defendants.  Docs. 62, 63, 65.

Notwithstanding all of Plaintiff's detailed, timely filings, Plaintiff filed another motion for appointment of counsel, arguing that he was not able to pursue his case without assistance (Doc. 80), which the undersigned denied (Doc. 81).  Less than one month later, Plaintiff filed another motion for appointment of counsel (Doc. 84) which the undersigned again denied (Doc. 86).  The undersigned ordered that no further requests for counsel would be considered by the undersigned.  The undersigned reminded Plaintiff that, despite filing his Amended Complaint almost five months prior, Plaintiff had made no effort to serve five of the unserved Defendants.  The undersigned ordered that Plaintiff's action against the unserved Defendants will be dismissed, without prejudice, unless Plaintiff perfects service as to them within thirty (30) days of the date of the order, dated July 26, 2017.  Doc. 85.

By this time, the served Defendants had filed their summary judgment motion.  Doc. 82.  Plaintiff asked for an additional forty (40) days to respond, which the undersigned granted.  Doc. 87, Order, 8/9/2017.  Plaintiff's opposition brief is currently due September 12, 2017.

Instead of preparing an opposition brief or attempting to serve the remaining Defendants, however, Plaintiff filed three motions and a notice, all dated August 17, 2017, and all exceptionally well drafted.  The subject of this Report & Recommendation is Doc. 88, Plaintiff's motion for more time to serve the unserved Defendants.

## II. Law & Analysis

3

Plaintiff requests additional time to perfect service pursuant to Fed. R. Civ. P. 4(m) upon the unserved five Defendants, Rhigi, Phillians, Bankes, Winfield, and Damcheu (hereinafter "Defendants"). Doc. 88.

Pursuant to Fed. R. Civ. P. 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period....

*Id*. There is no dispute that Plaintiff did not attempt to re-serve Defendants at all, that well over ninety days has passed since he filed his Amended Complaint, and that the undersigned gave notice to Plaintiff that his action would be dismissed as to the unserved Defendants if he did not serve them (Doc. 85). Thus, this action must be dismissed without prejudice as to such Defendants unless Plaintiff can show good cause for his failure to serve Defendants. Fed. R. Civ. P. 4(m).

For good cause to excuse his failure, Plaintiff claims that the failure was beyond his control because he has no legal training, he cannot read or write English, and he has been transferred to a new prison where he no longer has the services of the inmate who was helping him at his former prison. Doc. 88, pp. 2-3. Plaintiff's assertions are belied by the record. First, the undersigned again observes that, at all times, Plaintiff's filings have been timely, clear and concise. Thus, his apparent inability to write or read English has not been detrimental to his case. Second, Plaintiff left his former prison in late June (see Doc. 79-1), more than 90 days after he filed his Amended Complaint. Therefore, he did not lack the assistance of the inmate

4

who was helping him at his former prison. And, Plaintiff admits, he is being assisted by law clerks in the prison library at his current prison who have helped him with his filings. Doc. 88, p. 3.

In a separately-filed Affidavit, Plaintiff states that he was under the impression that his unexecuted service was sufficient because Defendants were all "ODRC employees, and [because] the CRC knew of the attempted service, they would be legally sufficient." Doc. 91-2, ¶5. But Plaintiff admits that he knew that service had been returned unexecuted and that Defendants were no longer employed at CRC. Id., ¶6; Doc. 88, p. 3 (Plaintiff's motion stating that he was informed in April 2017 that Defendants were no longer at CRC); Doc. 65, p. 3. Thus, he does not explain why he thought unexecuted service upon CRC would be "legally sufficient" when he knew that Defendants were no longer employed there.

"[A] plaintiff may not remain silent and do nothing to effectuate service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." *VanDiver v. Martin*, 304 F.Supp.2d 934, 943 (E.D.Mich. 2004) (quoting *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)). In *VanDiver*, a pro se inmate brought a § 1983 action alleging deliberate indifference to his serious medical needs against department of corrections employees. *Id*., at 936. Service as to two defendants was returned unexecuted because the employees no longer worked at the department of corrections. *Id*. Plaintiff, however, took no action to ensure proper service against them despite knowing that they had not been served. *Id*. at 937. After 120 days had passed, pursuant to Rule 4(m), the district court dismissed the plaintiff's claims against the

5

unserved defendants without prejudice.[3] The court found that the plaintiff could not show "good cause" to avoid dismissal because he made no attempt whatsoever to cure the defect despite knowing that service had not been executed. *Id*. at 942-943; *see also Freeman v. Collins*, 2011 WL 4914873, at *1, 4-5 (S.D.Oh. Aug. 15, 2011) (pro se plaintiff inmate alleging deliberate indifference to serious medical needs against correctional facility employee did not show good cause for failing to serve defendant; despite learning that the defendant doctor was no longer employed at the facility, "the record as a whole...reflects inaction and idleness on the part of Plaintiff."). Moreover, "a plaintiff's pro se status is not a license to ignore the law or those rules a party deems inconvenient or fails to understand fully." *Id*. at *8 (internal quotation and citation omitted).

Here, Plaintiff, like the pro se inmates in *VanDiver* and *Freeman*, did not attempt to re-serve the Defendants in this case despite knowing that service had not been executed upon them and that they were no longer employed by CRC. His assumption that unexecuted service would suffice is not a reason to sit idly by and forego the pursuit of proper service. He cannot show good cause for his failure to serve Defendants Rhigi, Phillians, Bankes, Winfield, and Damcheu, and his case against them should be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

---

[3] Fed. R. Civ. P. 4(m) used to provide 120 days for service; it now provides 90 days for service.

### III. Conclusion

For the reasons explained above, the undersigned recommends that Plaintiff's motion for more time to serve Defendants Rhigi, Phillians, Bankes, Winfield, and Damcheu (Doc. 88) be denied and that his claims against those Defendants be dismissed without prejudice.

IT IS SO ORDERED.

Dated: September 7, 2017

Kathleen B. Burke
United States Magistrate Judge

### OBJECTIONS
Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).