PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| SAFAA AL-ZERJAWI, | ) | |
| | ) | CASE NO. 4:15CV2512 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| JAMES KLINE, *et al.*, | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Resolving ECF No. 88] |

Pending before the Court is *pro se* Plaintiff Safaa Al-Zerjawi's Motion for Extension of Time to Perfect Service Upon Five Named Defendants (ECF No. 88). United States Magistrate Judge Kathleen B. Burke prepared a report in accordance with 28 U.S.C. § 636(b)(1)(B) and recommended that Plaintiff's Motion for Extension of Time to Perfect Service (ECF No. 88) be denied and that his claims against those Defendants be dismissed without prejudice. ECF No. 92. Plaintiff filed a timely objection to the report and recommendation. ECF No. 95. The Court has reviewed the above filings, the relevant portions of the record, and the governing law. For the reasons provided below, the Court overrules Plaintiff's objection and adopts the report and recommendation of the magistrate judge.

## I. Factual and Procedural Background

Plaintiff was an inmate at Trumbull Correctional Institution ("TCI"), at the time he filed this civil rights action against Defendants, the "Medical Staff" at the Corrections Reception

(4:15CV2512)

Center in Orient, Ohio; James Kline, a Medical Doctor at TCI; and the Ohio Department of Rehabilitation and Correction. He seeks monetary damages and other relief for violations under 42 U.S.C. § 1983.[1][2] ECF No. 1. After receiving several extensions of time within which to do so, Plaintiff timely filed an Amended Complaint in which he alleges the same claims as in his original complaint and names eight new individual Defendants: Eddy, Saul, Cullen, Rhigi, Phillians, Bankes, Winfield, and Damcheu. ECF No. 55.

Plaintiff alleges that, in 2014, while he was detained in Corrections Reception Center in Columbus ("CRC"), he was attacked by another inmate, who hit him in the face with a rock, fracturing bones in his face and skull. ECF No. 55 at PageID#: 352. He alleges nurses and medical staff at CRC "ignored [his] pleas for help and care" following this attack and failed to provide him medical attention for several days. *Id.* at PageID#: 352–53. When he was eventually seen by a doctor, a facial fracture was confirmed. *Id.* at PageID#: 353–54. After a two-month delay, Plaintiff was seen by a specialist, who told him he should have seen him immediately and that his injury required surgical intervention. *Id.* at PageID#: 354. Plaintiff contends that his facial fractures "have never been treated properly," and that Dr. Kline, the medical doctor at TCI where he was incarcerated at the time he filed this action, "refuse[d] to

---

[1] Defendants the Ohio Department of Rehabilitation and Corrections and the Corrections Reception Center Medical Staff have been dismissed. ECF Nos. 4 and 55. Furthermore, on June 28, 2017, the Court received notice that Plaintiff was transferred out of Trumbull Correctional Institution, and is currently incarcerated at Mansfield Correctional Institution. ECF No. 79.

[2] Plaintiff has been granted permission to proceed *in forma pauperis*. *See* ECF No. 2 and ECF No. 3.

2

(4:15CV2512)

allow" him the surgery he requires. *Id.* at PageID#: 355. Plaintiff also complains he received inadequate care from medical staff at TCI for an injury to his left eye he sustained as a result of the attack. *Id.* at PageID#: 354–55.

Service was returned and executed upon three of the newly named Defendants in Plaintiff's Amended Complaint (ECF Nos. 62 and 63), but unexecuted upon five named Defendants, that include Rhigi, Phillians, Bankes, Winfield, and Damcheu (ECF Nos. 65 and 66) (collectively "Defendants"). On July 26, 2017, the magistrate judge informed Plaintiff that his failure to perfect service upon the above-named Defendants "within thirty (30) days," that being by August 28, 2017, would result in the dismissal without prejudice of Plaintiff's action against those Defendants, pursuant to Fed. R. Civ. P. 4(m). ECF No. 85. Plaintiff alleges that he timely submitted a Motion for Extension of Time to Perfect Service Upon Five Named Defendants (ECF No. 88) to the Court on August 17, 2017. ECF No. 91 at PageID#: 1034. Plaintiff further alleges that the Mansfield Correctional Institution prison mailroom failed to timely deliver his legal envelope addressed to the Court because it lacked sufficient postage. *Id.* His motion was untimely filed on September 5, 2017—after the magistrate judge's cutoff date. *Id.* Of significance, Plaintiff failed to serve the remaining Defendants by the cutoff.

The magistrate judge recommended that Plaintiff's motion for more time to serve Defendants Rhigi, Phillians, Bankes, Winfield, and Damcheu (ECF No. 88) be denied and that his claims against those Defendants be dismissed without prejudice. ECF No. 92.

(4:15CV2512)

Plaintiff's timely objection followed.  ECF No. 95.   Plaintiff continues to seek an extension of time to perfect service on three of the five named Defendants: Rhigi, Phillians, and Winfield.  Id. at PageID#: 1126.

**II. Standard of Review for a Magistrate Judge's Report and Recommendation**

When objections have been made to a magistrate judge's Report and Recommendation, the district court's standard of review is *de novo*.  Fed. R. Civ. 72(b)(3).  A district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.*  Near verbatim regurgitation of the arguments made in earlier filings are not true objections.  When an "objection" merely states disagreement with the magistrate judge's suggested resolution, it is not an objection for the purposes of this review.  *Cvijetinovic v. Eberlin*, 617 F.Supp. 2d 620, 632 (N.D. Ohio 2008), *rev'd on other grounds*, 617 F.3d 833 (6th Cir. 2010).  Such "general objections" do not serve the purposes of Fed. R. Civ. P. 72(b).  *See Jones v. Moore*, No. 3:04CV7584, 2006 WL 903199, at *7 (N.D. Ohio April 7, 2006).  "A party who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'"  *Id.* (citing *U.S. v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981)).

4

(4:15CV2512)

### III. Analysis

Plaintiff objects to the entirety of the magistrate judge's report which recommends that Plaintiff's motion to perfect service (ECF No. 88) be denied, and his claims against those Defendants be dismissed without prejudice. ECF No. 95.

Pursuant to Fed. R. Civ. P. 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period . . . .

To establish "good cause" for failure to timely serve a defendant, a *pro se* plaintiff must show that he has not "remain[ed] silent and do[ne] nothing to effectuate such service." *Abel v. Harp*, 122 F. App'x 248, 252 (6th Cir. 2005). Plaintiff fails this test. He has done nothing to effectuate service other than continue to ask for more time and additional help to litigate a matter he has been handling masterfully. The magistrate judge has shown remarkable patience with Plaintiff's repeated requests for additional time and granted myriad extensions. In fact, it was the magistrate judge who reminded Plaintiff that, "despite filing his Amended Complaint almost five months prior, Plaintiff had made no effort to serve five of the unserved Defendants." ECF No. 92 at PageID#: 1041. The magistrate judge's reasoning for denying additional time to serve and recommending dismissal is adopted and repeated below.

> There is no dispute that Plaintiff did not attempt to re-serve Defendants at all, that well over ninety days has passed since he filed his Amended Complaint, and that the undersigned gave notice to Plaintiff that his action would be dismissed as to the unserved Defendants if he did not serve them (Doc. 85). Thus, this action must be dismissed without prejudice as to such Defendants unless Plaintiff can show good cause for his failure to serve Defendants. Fed. R. Civ. P. 4(m).

5

(4:15CV2512)

> For good cause to excuse his failure, Plaintiff claims that the failure was beyond his control because he has no legal training, he cannot read or write English, and he has been transferred to a new prison where he no longer has the services of the inmate who was helping him at his former prison. Doc. 88, pp. 2–3. Plaintiff's assertions are belied by the record. First, the undersigned again observes that, at all times, Plaintiff's filings have been timely, clear and concise. Thus, his apparent inability to write or read English has not been detrimental to his case. Second, Plaintiff left his former prison in late June (*see* Doc. 79-1), more than 90 days after he filed his Amended Complaint. Therefore, he did not lack the assistance of the inmate who was helping him at his former prison. And, Plaintiff admits, he is being assisted by law clerks in the prison library at his current prison who have helped him with his filings. Doc. 88, p. 3.
>
> In a separately-filed Affidavit, Plaintiff states that he was under the impression that his unexecuted service was sufficient because Defendants were all "ODRC employees, and [because] the CRC knew of the attempted service, they would be legally sufficient." Doc. 91-2, ¶5. But Plaintiff admits that he knew that service had been returned unexecuted and that Defendants were no longer employed at CRC. *Id.*, ¶6; Doc. 88, p. 3 (Plaintiff's motion stating that he was informed in April 2017 that Defendants were no longer at CRC); Doc. 65, p. 3. Thus, he does not explain why he thought unexecuted service upon CRC would be "legally sufficient" when he knew that Defendants were no longer employed there.
>
> "[A] plaintiff may not remain silent and do nothing to effectuate service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." *VanDiver v. Martin*, 304 F.Supp.2d 934, 943 (E.D.Mich. 2004) (quoting *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)). In *VanDiver*, a *pro se* inmate brought a § 1983 action alleging deliberate indifference to his serious medical needs against department of corrections employees. *Id.* at 936. Service as to two defendants was returned unexecuted because the employees no longer worked at the department of corrections. *Id.* Plaintiff, however, took no action to ensure proper service against them despite knowing that they had not been served. *Id.* at 937. After 120 days had passed, pursuant to Rule 4(m), the district court dismissed the plaintiff's claims against the unserved defendants without prejudice.[3] The court found that the plaintiff could not show "good cause" to avoid dismissal because he made no attempt whatsoever to cure the defect despite knowing that service had not been executed. *Id.* at 942–43; *see also Freeman v. Collins*, 2011 WL 4914873, at *1, 4–5 (S.D. Oh. Aug. 15, 2011)

---

[3] Fed. R. Civ. P. 4(m) used to provide 120 days for service; it now provides 90 days for service.

(4:15CV2512)

> (*pro se* plaintiff inmate alleging deliberate indifference to serious medical needs against correctional facility employee did not show good cause for failing to serve defendant; despite learning that the defendant doctor was no longer employed at the facility, "the record as a whole . . . reflects inaction and idleness on the part of Plaintiff."). Moreover, "a plaintiff's *pro se* status is not a license to ignore the law or those rules a party deems inconvenient or fails to understand fully." *Id.* at *8 (internal quotation and citation omitted).

ECF No. 92 at PageID#:1042–44 (internal quotation and citation omitted).

### IV. Conclusion

For the foregoing reasons, Plaintiff's objection (ECF No. 95) to the Report and Recommendation of the magistrate judge is overruled. The motion for additional time to serve the unserved Defendants is denied. The case is dismissed without prejudice as to Defendants Rhigi, Phillians, Bankes, Winfield, and Damcheu.[4]

IT IS SO ORDERED.

| | |
|---|---|
| December 21, 2017 | /s/ *Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[4] This ruling pertains to the five unserved even though Plaintiff appears to have abandoned his bid to serve Bankes and Damcheu. ECF No. 95 at PageID#: 1126.

7