PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| SAFAA AL-ZERJAWI, | ) | |
| | ) | CASE NO. 4:15CV2512 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| JAMES KLINE, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Resolving ECF Nos. 152, 154] |

Defendants move for summary judgment, and Plaintiff moves for an extension of time to respond. ECF Nos. 152; 154. For the reasons stated below, both motions are denied, and the Court's earlier Order of Dismissal (ECF No. 120) is reinstated.

## I. Background and Procedural Posture

On December 4, 2015, Plaintiff filed a complaint in this matter alleging, among other things, deliberate indifference to his serious medical need in violation of the Eighth Amendment to the United States Constitution. ECF No. 1 (Initial Complaint); *see* ECF No. 55 (Amended Complaint). He alleged that, in February 2014, after he was struck in the face with a rock by another inmate, the medical staff at his correctional institution failed to provide appropriate medical care, and he sustained permanent damage as a result. ECF No. 55 at PageID#: 352-55.

In September 2018, after partial denial of summary judgment (ECF No. 110), the case was settled and dismissed with prejudice. ECF Nos. 118, 120. He alleged that, despite an obligation in the settlement agreement that Defendants "provide medical treatment to Plaintiff

(4:15CV2512)

consistent with [Ohio Department of Rehabilitation and Corrections] policy," Plaintiff was refused such treatment. *See Ex Parte Letter to the Court* (Oct. 25, 2018). On February 6, 2019, after substantial interaction with the parties, the Court reopened the case to assess whether there remained outstanding, unresolved issues and to adjudicate such issues if appropriate. ECF No. 129. The Court clarified that its earlier dismissal was vacated, and the matters disputed in the parties' pleadings would proceed to trial. ECF No. 142. The Court also clarified that it lacked jurisdiction to enforce or modify the September 2018 settlement agreement, and that it would not entertain allegations not presented in the operative pleadings. *Id.*; ECF No. 133; *see* ECF No. 55 (Amended Complaint); ECF No. 67 (Answer to Amended Complaint).

The matter was set for a jury trial to begin on July 15, 2019. The parties were invited to submit motions for summary judgment provided that any such motion did not "relitigate matters that have already been decided or otherwise raise issues that could already have been brought with reasonable diligence." ECF No. 147 at PageID#: 1450. Defendants advance this second motion for summary judgment, arguing that the settlement agreement rendered Plaintiff's claims moot, and that Plaintiff's claims must be dismissed in any event because Plaintiff had failed to exhaust his administrative remedies before commencing this litigation. ECF No. 152 (citing *Int'l Union, United Auto., Aerospace, Agr. and Implement Workers of America v. Dana Corp.*, 697 F.2d 718, 721 (6th Cir. 1983); *Booth v. Churner*, 532 U.S. 731, 736 (2001)).

Plaintiff timely filed his opposition,[1] and Defendants replied. ECF Nos. 155, 156.

---

[1] Plaintiff's motion for extension of time to respond (ECF No. 154) is denied because it is unnecessary.

2

(4:15CV2512)

## II. Analysis

Summary judgment is appropriately granted when there is no genuine dispute of material fact and the moving party is entitled to judgment in its favor as a matter of law. Fed. R. Civ. P. 56(a). Defendants' primary argument, however, does not sound in *judgment* but rather *dismissal* for lack of subject-matter jurisdiction. Dana Corp., 697 F.2d at 720 ("Mootness is a jurisdictional question."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Defendants urge that the parties' September 2018 settlement agreement obviated whatever "case" or "controversy" existed at that time. See U.S. Const. Art. III. They argue that Plaintiff's present dissatisfaction, to the extent it arises from events that took place prior to September 12, 2018 (the date the parties executed their stipulation of dismissal, ECF No. 118), does not give rise to the Court's jurisdiction because it does not pertain to a "real and substantial controvers[y] . . . ." See Dana Corp., 697 F.2d at 720 (quoting N. Carolina v. Rice, 404 U.S. 244, 246 (1971)). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Id. (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)).

Plaintiff resists the argument, stating that it is "obvious" that "the settlement agreement is invalid." ECF No. 155 at PageID#: 1565. Plaintiff also acknowledges, however, that the Court lacks "jurisdiction to enforce or modify the settlement agreement between the parties," which resolved the issues raised in the pleadings. Id. at PageID#: 1566. "[M]atters relating to any such agreement are matters of state contract law." ECF No. 133 at PageID#: 1379. The Court

3

(4:15CV2512)

reopened the case (ECF No. 129) to assess whether a controversy persisted and, if so, to adjudicate that controversy.

The parties' briefing, however, reveals that their discord centers on Plaintiff's recent allegations (from October 2018 to the present), not those allegations described in his Amended Complaint (from February 2014) (ECF No. 55). Plaintiff describes the remaining dispute as follows: "[T]he plaintiff was under the impression that his medications that he was receiving at the time of the settlement agreement would continue and be on-going. It is because of that issue the plaintiff wrote the Court" to ask that the matter be reopened. ECF No. 155 at PageID#: 1566. He continues, "This is a matter of the plaintiff having an understanding that he would receive medication that will keep him from going blind at a more faster and continuing rate, and to alleviate the pain and suffering from the physical condition" resulting from 2014 events. *Id.* Since the dismissal and reopening, Plaintiff has alleged that "Defendants did breach [the] Terms of Settlement," *Ex Parte Letter to the Court* (Oct. 25, 2018), and that his medications were stopped without justification. ECF No. 155 at PageID#: 1566; *see also Final Pretrial Conference* (Mar. 6, 2019). Such allegations cannot be sustained under this case caption because they do not pertain to the parties' pleadings. *See* ECF No. 55 (Amended Complaint); ECF No. 67 (Answer).

Seemingly aware of that limitation, Plaintiff has filed another lawsuit in this judicial district based on these new (2018-2019) allegations of misconduct. Case No. 1:19-cv-511 (N.D. Ohio, filed Mar. 7, 2019) (before Judge Oliver). In his Complaint in that litigation, he alleges that he presented his settlement agreement to the medical staff at Richland Correctional

4

(4:15CV2512)

Institution, the physician there insisted that he would not honor the terms of the settlement agreement and discontinued some of Plaintiff's medications, and Plaintiff continues to suffer pain as a result. Case No. 1:19-cv-511 (N.D. Ohio), ECF No. 1 at PageID#: 5-14.

Whatever live controversy exists between the parties, it is accounted for in the new litigation before Judge Oliver. The pleadings in this litigation (ECF Nos. 55, 67), however, do not describe a "real and substantial controversy" because the subject matter of that dispute has been resolved by settlement, and that settlement has not been voided. *See Rice*, 404 U.S. at 246; *Dana Corp.*, 697 F.2d at 721. Summary judgment is not appropriate because Defendants are not entitled as a matter of law to judgment in their favor. Nevertheless, the Court reinstates its earlier Order of Dismissal (ECF No. 120) because it lacks subject-matter jurisdiction over matters that the parties have already settled. *See* Fed. R. Civ. P. 12(h)(3).

### III. Conclusion

Plaintiff's motion for extension of time (ECF No. 154) is denied because it is unnecessary. Defendants' motion for summary judgment (ECF No. 152) is denied, but the Court reinstates its earlier Order of Dismissal (ECF No. 120) because it lacks subject-matter jurisdiction over the matter in dispute. The jury trial scheduled for July 15, 2019, is cancelled.

IT IS SO ORDERED.

| | |
|---|---|
|   June 5, 2019 |   */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |

5